# IN THE UNITED STATES DISTRICT COURT 1:18-cv-1733
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GISELLE HIGUERA Administrator for The Estate of Anthony Alvarez and as mother of A.A., a minor | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| -vs- | ) Case No. 22-cv-0964<br>) Honorable Judge Steven C. Seeger |
| CITY OF CHICAGO and City of Chicago Police Officers Evan Solano, Star No. 12874 and Sammy Encarnacion, Star No. 11790, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### DEFENDANTS' UNOPPOSED JOINT MOTION TO CLARIFY AND FOR EXTENSION OF TIME TO COMPLETE EXPERT DISCOVERY AND DISPOSITIVE MOTION SCHEDULE

Defendants, the CITY OF CHICAGO, EVAN SOLANO and SAMMY ENCARNACION, by and through their undersigned attorneys, respectfully request this Honorable Court to clarify and extend expert discovery. In support of this motion, Defendants state the following:

1. On February 23, 2022, Plaintiff filed her Complaint. [Dkt. 1]. Plaintiff alleged various federal and state law claims against the City of Chicago and Chicago Police Officers Evan Solano and Sammy Encarnacion ("Defendant Officers"), arising out of a police officer shooting involving the decedent, Anthony Alvarez, on March 31, 2021. *Id*.

2. On May 9, 2022, this Honorable Court entered an initial scheduling order under Rule 16(b), ordering that: 1) fact discovery would close on April 28, 2023; 2) Plaintiff would serve her expert reports by May 26, 2023; 3) Plaintiff's experts would be deposed by June 23, 2023; 4) Defendants would serve their expert reports by July 21, 2023; and 5) Defendants' experts would

be deposed by August 18, 2023. [Dkt. 25]. This Honorable Court also ordered dispositive motions to be filed by September 22, 2023. *Id*.

3.  On February 23, 2023, Plaintiff filed an agreed motion for an extension of time to complete fact discovery. [Dkt. 76]. On February 28, 2023, this Honorable Court granted Plaintiff's agreed motion for extension of time to complete fact discovery and ordered fact discovery be completed by July 28, 2023. [Dkt. 77].

4.  On March 3, 2023, Plaintiff filed her First Amended Complaint. [Dkt. 80].

5.  On March 31, 2023, Defendant Officers filed a partial motion to dismiss Plaintiff's First Amended Complaint. [Dkt. 84]. Plaintiff responded on April 21, 2023, and Defendant Officers replied on May 12, 2023. [Dkts. 88, 95]. The Defendant Officers' partial motion to dismiss remains pending.

6.  On April 7, 2023, Defendant City filed a motion to dismiss Plaintiff's policy claims in her First Amended Complaint. [Dkt. 87]. Plaintiff responded on April 27, 2023, and Defendant City replied on May 18, 2023. [Dkts. 89, 99]. Defendant City's motion to dismiss remains pending.

7.  On May 8, 2023, this Honorable Court referred this case to the Honorable Magistrate Judge Jeffery Cummings for discovery supervision and discovery motions. [Dkt. 94]. The Court also retained jurisdiction over all motions to extend deadlines for discovery. [Dkt. 94].

8.  On April 26, 2023, Defendants jointly served Plaintiff with twenty-six requests to admit based on the video in this case.

9.  On May 17, 2023, Plaintiff filed a motion to strike Defendants' requests for admission before the Honorable Magistrate Judge Cummings. [Dkt. 97]. Defendants City of Chicago and Defendant Officers responded on June 5, 2023. [Dkts. 107, 108]. On May 22, 2023,

the Court ordered that it would either issue a written ruling by mail or, if necessary, set a telephonic motion hearing after reviewing the parties' submissions. [Dkt. 102].

10. On May 17, 2023, Plaintiff filed a motion for extension of time to disclose expert witnesses. [Dkt. 98]. Plaintiff's motion did not address Defendants' expert witness disclosure deadlines. *Id*. On May 19, 2023, this Honorable Court granted Plaintiff's motion for extension of time to disclose expert witnesses and ordered expert disclosures to be completed by August 26, 2023. [Dkt. 100].

11. On May 30, 2023, Plaintiff filed a motion to clarify the status of *Monell* discovery. [Dkt. 104]. On June 23, 2023, this Honorable Court granted Plaintiff's motion to clarify the status of *Monell* discovery and ordered that all *Monell* discovery is stayed pending "further order of the court." [Dkt. 111].

12. On June 19, 2023, Plaintiff filed a motion to compel the depositions of IAD investigators Lamberg and Fiedler, Officer Daniel Mersch, and Officer Galindo before the Honorable Magistrate Judge Cummings. [Dkt. 109]. Defendants filed their joint response in opposition on July 7, 2023, arguing, among other things, that these depositions relate solely to Plaintiff's *Monell* claims, and that *Monell* discovery is stayed. [Dkts. 111, 114]. The Court ordered that no reply is to be filed regarding Plaintiff's motion to compel unless ordered. [Dkt. 110] The Court further ordered that it would either issue a written ruling by mail or, if necessary, set a telephonic motion hearing after reviewing the parties' submissions. *Id.*

13. Plaintiff's motion to strike Defendants' requests for admission and Plaintiff's motion to compel the depositions of IAD investigators Lamberg and Fiedler, Officer Daniel Mersch, and Officer Galindo, are fully briefed, and remain pending.

14. Aside from these outstanding discovery motions, the parties have completed all fact discovery to-date.

15. Expert discovery will likely be impacted if the Court grants the motion to compel depositions because any allowed depositions will need to be reviewed by any retained expert(s).

16. Additionally, Defendants' respective motions to dismiss Plaintiff's first amended complaint are also fully briefed and remain pending.

17. Defendant Officers moved to dismiss certain § 1983 claims against the Defendant Officers, arguing that Plaintiff failed to state a claim of excessive force against the Defendant Officers for their foot pursuit, and that Plaintiff failed to state a claim for failure to intervene against both Defendant Officers. [Dkt. 84]. The motion, if granted, would eliminate Defendant Officer Encarnacion as a defendant in this matter.

18. The resolution of the Defendant Officers' fully briefed partial motion to dismiss, and what claims remain in this case, will have a direct effect on Plaintiff's and Defendants' expert disclosures.

19. Defendant City moved to dismiss Plaintiff's policy claims in their entirety. [Dkt.87]. If granted, the motion would substantially impact the need for discovery on these policy claims and the need for policy experts.

20. Pursuant to Local Rule 37.2, counsel for Defendants conferred with Plaintiff's counsel on August 14, 2023. Plaintiff's counsel does not object to this motion, nor does counsel object to the relief sought.

21. Defendants respectfully request the beginning of expert discovery be held in abeyance, until Judge Cummings rules upon the pending discovery issues, and until this Court rules upon the pending motions to dismiss.

22. Once those rulings are issued, Defendants respectfully request that the parties' expert disclosures be staggered, consistent with this Honorable Court's previous expert disclosure deadlines, so that 1) Plaintiff's experts' disclosures and reports are due one month after the completion of any discovery allowed by Judge Cummings; or, if no discovery is allowed by Judge Cummings, then one month after the rulings on the pending motions are issued; 2) Plaintiff's experts are to be deposed within 30-days after their disclosure; 3) Defendants are to disclose their experts 30-days after the completion of Plaintiff's experts' depositions, and 4) Defendants' experts are to be deposed within 30-days after their disclosure.

23. Additionally, because expert discovery is sought to be ongoing during the current dispositive motion deadline, Defendants request that deadline be extended until 45 days after the deadline to depose Defendants' experts.

22. This motion is not brought for any improper purpose, but rather to allow the Parties to have a complete record and understanding of the remaining claims in order to allow expert discovery to proceed efficiently. No prejudice will result to any party by the granting of this motion.

Defendants, CITY OF CHICAGO, EVAN SOLANO, and SAMMY ENCARNACION, respectfully request that this Honorable Court grant Defendants' joint motion to clarify and extend the expert discovery disclosure schedule pending the resolution of Defendants' motions to dismiss and for a corresponding extension of the dispositive motion schedule.

Dated:  August 16, 2023	Respectfully submitted,

/s/*Brian P. Gainer*
/s/ *Lisa M. McElroy*
*One of the Attorneys for Defendant Officers*

Brian P. Gainer (gainerb@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
JOHNSON & BELL, LTD.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770


/s/*David A. Brueggen*
*One of the Attorneys for Defendant City of Chicago*

James G. Sotos (jsotos@jsotoslaw.com)
David A. Brueggen (dbrueggen@jsotoslaw.com)
George J. Yamin Jr. (gyamin@jsotoslaw.com)
Allsion Romelfanger (aromelfanger@jsotoslaw.com)
THE SOTOS LAW FIRM, P.C.
141 W. Jackson, Suite 1240A
Chicago, Illinois 60604
(630) 735-3300

## **CERTIFICATE OF SERVICE**

  I certify that I served this motion by electronically mailing a copy to each person to whom it is directed at the address above indicated by using the CM/ECF system on August 16, 2023.

           /s/  *Brian P. Gainer*
           One of the Attorneys for Defendant Officers

           Brian P. Gainer (gainerb@jbltd.com)
           Lisa M. McElroy (mcelroyl@jbltd.com)
           JOHNSON & BELL, LTD.
           33 W. Monroe, Ste. 2700
           Chicago, Illinois 60603
           (312) 372-0770