**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Giselle Higuera Administrator for the Estate of Anthony Alvarez and as mother of A.A., a minor, | ) | Case No. 22-cv-00964 |
| | ) | Hon. Steven C. Seeger |
| Plaintiff, | ) | |
| v. | ) | |
| City of Chicago, et. al | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

The Parties, through their attorneys, and pursuant to the Court's, October 20, 2026, Order (Dkt. 205), submit the following Joint Status Report:

1. Plaintiff has provided Defendants with a revised demand and is willing to attend a settlement conference and, to the extent that the Court allows, is willing to pause expert discovery in order to facilitate the possibility of settlement.

2. Defendant City has received Plaintiff's demand and needs additional time to determine its position on attending a settlement conference. Defendant City requests an additional fourteen days (14), until November 24, 2026, to do so.

3. Plaintiff is reaching out to her experts for possible deposition dates. Defendants have not yet disclosed experts, and request that the Court continue to hold expert discovery in abeyance until it is determined whether the parties will proceed to a settlement conference.

4. In the event the matter proceeds without a settlement conference, plaintiff would seek to go forward with *Monell* discovery if allowed by the Court.

5. Defendants state that the *Monell* claim has been bifurcated from the underlying claims. (Dkt. 139). The reasons for bifurcation set forth in the Defendants' motion (Dkt. 129) are stronger now than they were when the motion was filed. Allowing the *Monell* claim in this case to

proceed will delay trial for at least two years, considering no *Monell* discovery has been done and, once it is completed, it would be followed by possible dispositive motions. The *Monell* claim and any related discovery are unnecessary, considering the City's proposed Limited Consent to Judgment. (Dkt. 129-3) The Limited Consent states: "the City will consent to entry of judgment against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney fees pursuant to 42 U.S.C. §1988, if the finder of fact determines that any named Individual Defendant violated the constitutional rights of Alvarez, as alleged in the Operative Complaint, even if, in the case of a named Individual Defendant, that Defendant is further found to be not liable to Plaintiff because he is entitled to qualified immunity." *Id.*, ¶ 5. Accordingly, *Monell* discovery should remain stayed, and this case should proceed through expert discovery and then trial on the individual claims.

6. Plaintiff strongly disagrees with Defendants' position in No. 5, but does not believe that a status report is the appropriate place for the issue to be briefed.

Respectfully submitted,

/s/ Christopher Smith
Attorney for Plaintiff
Christopher R. Smith
Christopher Smith Trial Group, LLC
53 West Jackson, Suite 856
Chicago, IL 60604
312.432.0400

/s/Brian P. Gainer
Biran P. Gainer
*One of the Attorneys for Defendant Solano*
JOHNSON & BELL, LTD.
33 W. Monroe, Ste. 2700
Chicago, IL 60603
(312)372-0770
gainerb@jbltd.com

/s/ David A. Brueggen
David A. Brueggen, Attorney No. 6289138
*One of the Attorneys for City of Chicago*
James G. Sotos
David A. Brueggen
Acacia Roberts.
**THE SOTOS LAW FIRM, P.C.**
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
630-735-3300
dbrueggen@jsotoslaw.com